## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

July 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Tori B.. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 25-1209-CDA

Dear Counsel:

On April 11, 2025, Plaintiff Tori B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case and the parties' briefs. ECFs 8, 11-1, and 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

### I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on November 18, 2021, alleging a disability onset of April 13, 2021. Tr. 17. Plaintiff's claims were denied initially and on reconsideration. Tr. 73, 106. On March 28, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 17. Following the hearing, on May 31, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14, 25. The Appeals Council denied Plaintiff's request for review, Tr. 1, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Leland Dudek, the Acting Commissioner of Social Security on April 11, 2025. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Tori B. v. Bisignano*
Civil No. 25-1209-CDA
July 9, 2026
Page 2

## II.      THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 13, 2021, the alleged onset date."  Tr. 19.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, asthma, and anemia."  Tr. 19.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "anxiety and depression, COVID-19, pneumonia, migraines, vitamin D deficiency, cervical degenerative disk disease, hypertension, and liver lesions."  Tr. 20, 22.  The ALJ also noted that "[a]lthough the claimant's primary care provider filled out a fibromyalgia medical source statement, there is no diagnosis of fibromyalgia in the record in accordance with SSR 12-2p."  Tr. 22.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 23.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she cannot climb ladders or scaffolds. She can engage in the occasional climbing of ramps and stairs, stooping, kneeling, crouching, crawling, and balancing. She cannot be exposed to hazards such as unprotected heights or dangerous machinery. She can have no exposure to atmospheric conditions. She can have occasional exposure to extreme cold or heat, and humidity and wetness.

Tr. 23.  The ALJ determined that Plaintiff is capable of performing past relevant work as an Emergency Dispatcher (DOT[3] #379.362-010).  Tr. 25.  Therefore, the ALJ concluded that Plaintiff

---

[3] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Tori B. v. Bisignano*
Civil No. 25-1209-CDA
July 9, 2026
Page 3

was not disabled.  Tr. 25-26.

### III.    <u>LEGAL STANDARD</u>

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.    <u>ANALYSIS</u>

Plaintiff alleges that the ALJ's RFC presented to the vocational expert ("VE") is legally insufficient.  ECF 11-1, at 10.  Specifically, Plaintiff argues that, by failing to define "atmospheric conditions," the ALJ's RFC did not adequately account for Plaintiff's inability to tolerate environmental irritants.  ECF 11-1, at 11.  She also avers that the RFC did not adequately account for her mental impairments, nor time-off task.  ECF 11-1, at 10-12.  Defendant counters that Plaintiff's argument amounts to asking, improperly, the Court to reweigh evidence already properly considered by the ALJ.  ECF 13, at 14.  The Court agrees with Plaintiff that the ALJ's failure to define "atmospheric conditions" warrants remand.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a).  In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work."  20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).  Only after such an analysis may an ALJ express RFC in terms of the exertional level of work that the ALJ believes the claimant can perform.  *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021).  As *Dowling* explains, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d at 387 (alteration in original) (citation omitted).

The ALJ's use of the term "atmospheric conditions," without defining it in their opinion or

*Tori B. v. Bisignano*
Civil No. 25-1209-CDA
July 9, 2026
Page 4

during the testimony of the Plaintiff or the VE, requires further explanation and impedes the Court's review. In a different context, the Court has found that the ALJ adequately explained a term used in an RFC where the ALJ explained the meaning of the term to a vocational expert. *See Jackie W. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-3883, 2019 WL 5960642, at *4 (D. Md. Nov. 13, 2019) ("While the ALJ did not include the term 'assembly-line work' in her RFC, her inclusion of the term in the hypothetical provides enough clarity for this Court's review."); *cf. Geneva W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) (remanding to allow the ALJ to clarify the terms "production rate pace or strict production quotas" in the "RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion").

The case at bar is like in *Geneva W.* in that the ALJ did not explain the phrase "atmospheric conditions" anywhere in their opinion or in their hypothetical to the VE. Nowhere in the ALJ opinion does the Court observe any description of the environmental irritants that allegedly trigger Plaintiff's asthma. Only upon reviewing Plaintiff's medical records and the parties' briefs do *potential* definitions for the phrase appear. *See* ECF 8-8, Ex. 1F (referring to Plaintiff's adverse reaction to the smell of strong perfumes and smoke smells); ECF 8-9, Ex. 13F (listing "environmental restrictions" Plaintiff should avoid exposure to, but not specifying which ALJ considers to be "atmospheric conditions"); ECF 11-1, at 11 (suggesting that "atmospheric conditions" may mean "temperature, humidity, precipitation, pressure, cloudiness and wind" thus contradicting with the next line of the RFC referring to exposure to extreme cold or heat, and humidity and wetness); ECF 13, at 12 (noting that the VE did not need a definition for "atmospheric conditions" as the position of emergency dispatcher indicates that "atmospheric conditions" are not present). The variety of proposed definitions underscores the point.

While the VE's testimony did not indicate confusion about the phrase, "the Court has an independent duty to determine if the ALJ supported [their] findings with substantial evidence." *Geneva W.*, 2019 WL 3254533, at *3 (citing 42 U.S.C. § 405(g)). The Court cannot determine whether the ALJ's findings were supported with substantial evidence without an explanation of the phrase "atmospheric conditions." *See Thomas*, 916 F.3d at 312 (holding that an RFC that failed to give enough information defining "requiring a production rate or demand pace" contained "too little logical explanation for [the court] to conduct meaningful appellate review"). "[I]f the relevant RFC terms are 'not common enough for [the court] to know what they mean without elaboration,' the Court is without basis to decide that the error in failing to explain the terms was harmless." *Geneva W.*, 2019 WL 3254533, at *3 (quoting *Thomas*, 916 F.3d at 312). Given the varying proposed ways to define[4] "atmospheric conditions" in the absence of definitive guidance, the ALJ's decision presents an "insufficient record" that "precludes a determination that substantial evidence supported the ALJ's denial of benefits[.]" *Patterson v. Comm'r Soc. Sec.*

---

[4] Though one could assume that "atmospheric conditions" may refer odors, pollutants, and the like, the Court may not engage in speculation and substitute its own notions for the ALJ's. The ALJ must support identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

*Tori B. v. Bisignano*
Civil No. 25-1209-CDA
July 9, 2026
Page 5

*Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011)). This insufficiency prevents the Court from affirming this error, which is not harmless. *See id.* Remand is necessary to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, so as to establish substantial evidence supporting the RFC.

Because the case is remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.    **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge